### 61211. INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY v. YOUNG.

BANKE, Judge.

The appellee filed a "statement of claim" in the Small Claims Court of Whitfield County seeking to recover $1,300 in benefits allegedly due under certain policies of hospitalization and convalescent insurance issued by the appellant, as well as to recover $325 in bad faith penalties and $225 in attorney fees. He subsequently was awarded a default judgment for the entire amount, based on the appellant's failure to appear at the scheduled hearing. Three days after the default judgment was entered, the appellant filed a motion to dismiss the action on the ground that the "complaint" had failed to allege jurisdiction and venue. The next day, the appellant filed a notice of appeal to the superior court, while simultaneously pursuing the case in the small claims court by filing a motion to open the default and an answer admitting jurisdiction and venue. The superior court remanded the case to the small claims court for disposition of the motions to dismiss and to open default. It appears that both motions were then denied due to the appellant's failure to appear at the hearing scheduled thereon. The appellant then filed both another notice of appeal to the superior court and another motion to open default in the small claims court. On August 9, 1980, the superior court entered an order affirming the denial of the motion to dismiss for lack of jurisdiction and the motion to open the default. The appellant originally appealed to this court from that order but later withdrew the appeal and filed a motion for reconsideration, a motion to set aside the original judgment of the small claims court, and a motion to allow the taking of the deposition of the judge of the small claims court. These motions were denied on September 2, 1980; and, on October 2, 1980, the appellant again appealed to this court. *Held:*

The superior court's final judgment in this case was its order of August 9, 1980, affirming the small claims court's denial of the motions to dismiss and to open default. The motion for reconsideration did not, of course, extend the time for appealing this

order. See *Lynn v. Wagstaff Motor Co.,* 131 Ga. App. 556 (206 SE2d 539) (1974). The motion to set aside was directed not to the superior court's August 9 order but to the final judgment entered by the small claims court several months earlier. A motion to set a judgment aside must be brought in the court where the judgment was rendered. Code Ann. § 81A-160 (b). The motion to allow the taking of the deposition of the judge of the small claims court was not cognizable, as final judgment had already been entered when that motion was filed. Consequently, the record presents nothing for review by this court.

*Appeal dismissed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 22, 1981 —
REHEARING DENIED FEBRUARY 4, 1981.

*Walter H. Bolling, Jr.,* for appellant.
*James M. Barnes,* for appellee.